## COMMONWEALTH vs. CORNELIUS KELLIHER.

The *St.* of 1864, c. 299, required every owner or keeper of a dog to cause it to be annually registered, numbered, described and licensed in the office of the clerk of the city or town wherein he resided, and imposed a penalty for keeping a dog contrary to its provisions. The *St.* of 1865, c. 197, required every owner or keeper of a dog to cause it to be annually registered, numbered, described and licensed in the office of the clerk of the city or town wherein said dog was kept, and imposed no penalty for keeping a dog contrary to its provisions. *Held*, that the former statute was repealed by the latter, and that no prosecution could be maintained for a violation of the provisions of the latter.

COMPLAINT for keeping an unlicensed dog on the 1st of May 1866 and thereafter. Before the jury were empanelled, the defendant moved that the complaint be quashed, because the *St.* of 1864, c. 299,* is repealed by the *St.* of 1865, c. 197, and by the

---

* *St.* 1864, c. 299, § 1. "Every owner or keeper of a dog shall annually, on or before the thirtieth of April, cause it to be registered, numbered, described and licensed, for one year from the first of the ensuing May, in the office of the clerk of the city or town wherein he resides, and shall cause it to wear around its neck a collar distinctly marked with its owner's name, and the registered number, and shall pay for such license two dollars for a male dog, and five dollars for a female dog."

§ 5. "Whoever keeps a dog contrary to the provisions of this act shall forfeit fifteen dollars, to be recovered by complaint, and the money shall be paid to the treasurer of the county in which the dog is kept," &c.

The *St.* of 1865, c. 197, § 1, is the same, in substance, with *St.* 1864, c. 299 § 1, except that the dog is required to be registered, &c., in the town "wherein said dog is kept." And no penalty for the violation of the above requirement is provided.

latter no penalty is imposed for keeping an unlicensed dog; but *Vose,* J. ruled otherwise. The defendant was convicted by the jury, and alleged exceptions.

*C. Delano & W. Griswold,* for the defendant.

*Reed,* A. G., for the Commonwealth.

BIGELOW, C. J. It is clear that this complaint cannot be maintained. The only statute requiring owners of dogs to cause them to be registered, numbered, described and licensed, and to wear collars marked with the owner's name, which was in force at the time when the defendant is charged with having failed to comply with the requirements of law in relation to the dog owned by him, was *St.* 1865, *c.* 197. The previous statute on the same subject, *St.* 1864, *c.* 299, §§ 1, 5, was repealed by the enactment of the statute first cited. Whenever a statute is passed which embraces all the provisions of previous statutes on the same subject, the new statute operates as a repeal of all antecedent enactments.

This well settled rule of interpretation is founded on the reasonable inference that the legislature cannot be supposed to have intended that there should be two distinct enactments embracing the same subject matter in force at the same time, and that the new statute, being the most recent expression of the legislative will, must be deemed to be a substitute for previous enactments, and the only one which is to be regarded as having the force of law. *Bartlet* v. *King,* 12 Mass. 536. *Commonwealth* v. *Cooley,* 10 Pick. 39. On comparing the *St.* of 1865, *c.* 197, § 1, with that enacted the previous year, *St.* 1864, *c.* 299, § 1, it will be found that the former is identical with the latter, with the single exception that in one the requirement is that the dog shall be registered, numbered, described and licensed in the town or city where the owner resides, and in the other, *St.* 1865, *c.* 197, it is to be done in the town or city where the dog is kept. The real purpose of the latter act probably was to change the place where the registry was to be made and the license granted, in cases where a dog was kept in a town or city different from that in which his owner resided. But in endeavoring to effect this purpose the legislature, instead of amending the statute of

the previous year in a single particular, reënacted the entire provision requiring and regulating the registry and licensing of dogs. This was clearly a statutory revision of the whole subject matter, and was a substitute for and a repeal of the previous enactment. Clearly both enactments cannot stand together. The legislature could not have intended that in any case the owner or keeper of a dog should be required to procure two separate and distinct licenses in two cities or towns, to be in force at one and the same time, or to place on the collar around his neck two distinct registered numbers, which would be the result if both statutes are held to be in operation. The evidence at the trial proved that the defendant was the owner and keeper of a dog subsequent to April 1866. His offence, if any, was a violation of the *St.* of 1865, *c.* 197, § 1. But no penalty is affixed to a breach of the provisions of that section. The penalty prescribed by the previous statute cannot be imposed; it was in express terms confined to a violation of the provisions of that act, which has been repealed. The case is therefore one where a party has failed to comply with the requirements of a statute, in a matter of mere police regulation, not embracing any act or omission in itself criminal, or of evil example, and where no penalty is prescribed for a breach of the provisions of the law. We know of no rule or principle upon which a criminal prosecution can be maintained under such circumstances. The verdict must therefore be set aside, and the complaint dismissed. *Exceptions sustained.*